MICHELINA SPECIALE, Plaintiff, *v.* LINCOLN ROCHESTER TRUST COMPANY, Defendant.

Supreme Court, Monroe County, November 9, 1966.

*Nixon, Hargrave, Devans & Doyle* (*David L. Hoffberg* of counsel), for defendant. *Abbate & Rose* (*Joseph V. Abbate* of counsel), for plaintiff.

CHARLES LAMBIASE, J. This is a motion by defendant "for leave to reargue defendant's motion to dismiss for failure to prosecute, and in the event such leave is granted, that such reargument then and there proceed, and for other and further just relief, together with the costs of this motion." (Notice of Motion.)

A motion having heretofore been made by the defendant to dismiss the above-entitled action under CPLR 3216 which at all times pertinent hereto read and now reads as follows: "Where a party unreasonably neglects to proceed in the action against any party who may be liable to a separate judgment, the court, on its own initiative or upon motion, may dismiss the party's pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.

"No such motion based upon the failure of the plaintiff to serve and file a note of issue within the time limited therefor by law or rule, shall be made or granted until at least six months has expired since the joinder of issue. Nor shall such a motion be made or granted unless the defendant shall have served a written demand requiring the plaintiff to serve and file such a note of issue and stating that the default by the plaintiff in complying with such demand within forty-five days after the service of such demand will serve as a basis for a motion by the defendant for dismissal against him for unreasonably neglecting to proceed. In the event that such a note of issue is served and filed within such forty-five days, the motion to dismiss shall be denied. In the event that such a note of issue is not served and filed within such forty-five days, the court may grant such motion unless the plaintiff shows justifiable excuse for delay and a good and meritorious cause of action "; and said motion having been made by defendant prior to the filing of a note of issue herein by plaintiff, we did, by memorandum dated the 2d day of June, 1966 and duly filed, determine that: "The * * * motion must be categorically denied without going into the merits of the application for the reason that ' A motion to dismiss under CPLR 3216 cannot be granted prior to the filing of a note of issue unless defendant has first served a written demand on the plaintiff to serve and file the note of issue within 45 days in accordance with the terms of the statute. (Cf. *Fischer* v. *Pan Amer. World Airways*, 16 N Y 2d 725.)' *Salama* v. *Cohen* and *Tomich* v. *Cohen*, 16 N Y 2d 1058, 1059–1060."

One of defendant's attorneys states herein in his supporting affidavit the following: "Since the receipt of the memorandum decision, my attention has been called to *Commercial Credit Corporation* v. *Lafayette Lincoln-Mercury, Inc.,* decided by the

Court of Appeals on June 2, 1966. Since the official citation has not been received, a copy of the opinion as reported by the June 21, 1966 issue of Law Report News is attached to this affidavit. A reading of the opinion indicates that the Court of Appeals has now held that the 1964 amendment to CPLR, Rule 3216, did not apply to motions made on broad grounds of general delay. In view of this new development in the law, it is respectfully submitted that the matter should be reopened and reconsidered by Mr. Justice Charles Lambiase and application is made for a rehearing.''

The *Commercial Credit Corp.* case, hereinafter called Commercial Credit, is now reported in 17 N Y 2d 367; and defendant argues that it is authority for allowing reargument and for granting defendant's motion to dismiss the complaint on the ground of plaintiff's general delay in the prosecution of her case — which is the ground for dismissal originally moved upon by it — irrespective of the provisions of the second paragraph of rule 3216. With this contention we do not agree.

The facts in *Commercial Credit* and *Salama* and *Tomich* v. *Cohen* (*infra*) involve instances of long delays by the plaintiff, and in both cases defendant moved to dismiss on the broad grounds of general delay. One significant distinction between the facts in the two cases is that in the *Salama* and *Tomich* cases the note of issue had not been filed when the application to dismiss was made, whereas in *Commercial Credit* the motion to dismiss was made after the note of issue had been filed.

In the *Salama* and *Tomich* cases the Court of Appeals refused to allow the motion to dismiss made prior to the filing of the note of issue because of defendant's failure to give the 45 days' notice required by the second paragraph of rule 3216 even though the motion was made on the broad grounds of general delay and not on the specific grounds of failure to file a note of issue; and in *Commercial Credit* the court distinguishes the former from the latter pointing out and using for such purposes, it seems to us, the fact that in *Commercial Credit* the note of issue had been filed when the application to dismiss upon the same grounds for general delay was made, even though the filing therein had been accomplished at the last minute before the making of the application by the defendant. The implication seems to be at this time and until further word by the Court of Appeals, that the court feels that the two cases are not inconsistent and, therefore, may coexist.

To agree with defendant's contention would mean that the decision in the *Salama* and *Tomich* cases has been overruled by the Court of Appeals in *Commercial Credit*. It would seem that

such is not the fact for in the latter case the court at page 372 says: " We conclude that this second paragraph was added to rule 3216 to cover the former situations where pleadings were served and filed, then the plaintiff did nothing for a long time, then the defendant under the old practice would put the plaintiff in jeopardy by moving on five days' notice to dismiss because the plaintiff had not put the case on the calendar." Furthermore, had the court intended to overrule the *Salama* and *Tomich* cases, it would seem that they would have said so.

It seems to us that *Commercial Credit* is authority for the holding that CPLR 3216 as amended does not prevent the motion for dismissal for failure to prosecute being made on the broad grounds of general delay, but postpones in a proper case the time of its making until the 45 days' notice is given and the 45 days expire or plaintiff files within that time. (See 1965 and 1966 Supplementary Practice Commentary by Prof. Siegel in McKinney's Cons. Laws of N. Y., Book 7B, CPLR.)

In the light of the foregoing the motion to reargue must be and hereby is denied and our previous determination thereof is hereby adhered to.